[Cite as *State v. Swiadek*, 2018-Ohio-1860.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STATE OF OHIO                    :
                                 :
    Plaintiff-Appellee           :    Appellate Case No. 27733
                                 :
v.                               :    Trial Court Case No. 2017-CRB-3673
                                 :
BRIAN SWIADEK                    :    (Criminal Appeal from
                                 :     Municipal Court)
    Defendant-Appellant          :
                                 :

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of May, 2018.

. . . . . . . . . . .

STEPHANIE COOK, Atty. Reg. No. 0067101, 335 West Third Street, Room 372, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

SEAN J. VALLONE, Atty. Reg. No. 0064053, 5 Irongate Park Drive, Suite A, Centerville, Ohio 45459
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} After a bench trial in the Dayton Municipal Court, Brian Swiadek was convicted of public indecency, in violation of R.C. 2907.09(A)(1), a misdemeanor of the fourth degree. The trial court sentenced him to 30 days in jail, all of which were suspended, imposed two years of basic probation with certain conditions, and ordered him to pay a $50 fine and court costs.

{¶ 2} Swiadek's appellate counsel has filed a very thorough brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he has been unable to locate a viable issue on appeal. We informed Swaidek that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. No pro se brief has been filed.

{¶ 3} Pursuant to *Anders*, we must determine, "after a full examination of all the proceedings," whether the appeal is "wholly frivolous." *Anders*, 386 U.S. at 744; *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous merely because the prosecution can be expected to present a strong argument in reply. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather, a frivolous appeal is one that presents issues lacking arguable merit, which means that, "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *Pullen* at ¶ 4.

{¶ 4} We have conducted our independent review of the record pursuant to *Penson*, and we agree with appellate counsel that there are no non-frivolous issues for review. Accordingly, the trial court's judgment will be affirmed.

## I. Factual and Procedural History

{¶ 5} The State's evidence at trial established the following facts.

{¶ 6} Swiadek lives next door to Laura and Louis Chism. The homes are situated very close to each other. Swiadek's residence has a front porch, whereas the Chisms' home has a porch running along the right side of the house, perpendicular to Swiadek's porch. Only five or six feet and a chain-link fence separate the Chisms' porch from Swiadek's porch. At the relevant time, the Chisms had lived in their home for approximately 25 years; Swiadek had lived in his home for approximately seven years.

{¶ 7} On the evening of June 5, 2017, Mrs. Chism came outside to get her mail and saw Swiadek sitting on his porch. Swiadek made derogatory comments toward Mrs. Chism, and she went back inside and told her husband. Mr. Chism went outside and asked Swiadek what he was doing. Swiadek responded that he was "just being an ass." The Chisms and Swiadek started "yelling back and forth at each other." Mrs. Chism called the police about Swiadek's behavior, but the police had more pressing calls and did not respond. The "back and forth" continued throughout the evening.

{¶ 8} At approximately 11:20 p.m., after Mrs. Chism went to bed, she heard someone outside kicking her fence. She went to the side door, which faced Swiadek's porch, and saw Swiadek sitting on his porch, apparently trying to kick the fence down. Mrs. Chism turned on her porch light and opened the side door, at which point Swiadek exposed his genitals and began to urinate over her husband's flowers. Mrs. Chism testified that Swiadek did not attempt to cover himself; to the contrary, he shook his genitals at her and said, "What are you going to do about it?" Mrs. Chism called to Mr. Chism to "look there," and Mr. Chism also saw Swiadek "sitting over there with his private

parts out * * * trying to urinate over the fence." Another argument ensued between Swiadek and Mr. Chism, and Mrs. Chism called the police again (several times). The police arrived shortly after midnight.

{¶ 9} Swiadek testified on his own behalf. Swiadek stated that the first verbal altercation began after Mrs. Chism got her mail and called him a derogatory name. Swiadek denied that he later exposed himself to the Chisms and urinated on their property. He stated that he wanted to be done with the argument, and he told the Chisms to stop talking to him. He also testified that the boards on the end of his porch (where the Chisms asserted he had been standing) were rotted out and that it was unsafe to stand there.

{¶ 10} The trial court found Swiadek guilty of public indecency and ordered a presentence investigation (PSI). The PSI revealed that Swiadek, who was 39 years old, had not been convicted of any offenses since 1999, when he was 21 years old. His prior convictions consisted mainly of traffic violations, with additional convictions for aggravated menacing and receiving stolen property. At the time of the PSI, Swiadek tested negative for all illegal substances, and he denied having any drug and alcohol issues. Swiadek had been diagnosed with mental health disorders, and he described his physical health as "not well."

{¶ 11} At sentencing, the trial court sentenced Swiadek to 30 days in jail, all of which were suspended. The trial court imposed two years of basic probation, which included the condition that Swiadek complete a psychological assessment and follow through with any recommendations. The court also included a condition that Swiadek have no contact with the Chisms except when involved in mediation, which Swiadek and

the Chisms had agreed to do.   The court ordered Swiadek to pay a $50 fine and court costs.

{¶ 12} Swiadek appeals from his conviction.

## II. *Anders* Review

{¶ 13} We have conducted an independent review of the record, including the trial court's docket, the trial transcript and exhibits, the sentencing hearing transcript, and the PSI.   We note that Swiadek's appellate counsel has filed a comprehensive brief, raising the sufficiency and manifest weight of the evidence, whether trial counsel (a legal intern with the Public Defender's Office, who had the assistance of a more-experienced attorney) rendered ineffective assistance, and whether there was any error in the trial court's sentence of a suspended jail term, probation, and a fine.   As did appellate counsel, we find no non-frivolous issues for appeal.

## III. Conclusion

{¶ 14} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

WELBAUM, P. J. and DONOVAN, J., concur.

Copies mailed to:

Stephanie Cook
Sean J. Vallone
Brian Swiadek
Hon. Christopher D. Roberts